ORDERED in the Southern District of Florida on_____  **MAY 28 2009**



_____
**A. Jay Cristol, Chief Judge Emeritus**
**United States Bankruptcy Court**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
**www.flsb.uscourts.gov**

In re:                                                               CHAPTER 11
                                                                        CASE NO. 09-18440-BKC-AJC
**7710 SW 59th Court, LLC**

        Debtor.
_____/

**MEMORANDUM OPINION AND ORDER GRANTING CREDITORS JOSE M. AND
SILVIA CORTIZO'S EMERGENCY MOTION FOR RELIEF FROM THE
AUTOMATIC STAY**

        **THIS MATTER** came before the Court on Thursday, May 21, 2009 at 3:00 p.m. (the

"Hearing") on Jose M. and Silvia Cortizo's (the "Cortizos") *Emergency Motion for Relief from*

*the Automatic Stay or, in the Alternative, for Adequate Protection or Dismissal of Case* (the

"Motion")  (D.E. 15).  At the Hearing, the Court heard argument from counsel for the Cortizos

and 7710 SW 59th Court, LLC (the "Debtor") regarding the facts underlying the Motion, which

arise out of a state court proceeding wherein the Cortizos obtained a judgment against the Debtor

1

and other co-defendants. At the conclusion of the Hearing, the parties stipulated that certain

material facts were not in dispute, and the Court announced that it would rule on the Motion as a

matter of law without the need for further discovery or an evidentiary hearing.

The Court has considered the Motion, the undisputed facts as stipulated by the Parties,

and the arguments and representations of respective counsel at the Hearing, and **GRANTS** the

Motion as more fully set forth below.

## UNDISPUTED FACTS

The Cortizos filed a four-count complaint (the "Complaint") against the Debtor and its

co-defendants based on their collective breaches of contract and other common-law violations.[1]

The defendants counter-claimed, and the parties to that proceeding (the "State Court Action")

litigated to summary judgment. When the Cortizos moved for summary judgment, the Circuit

Court for the 11th Judicial Circuit (the "Circuit Court") ruled in favor of the Cortizos, denied the

defendants' counter-claims, entered summary judgment in favor of the Cortizos, and on January

22, 2009 entered a judgment against the Debtor (the "Judgment").[2] The Judgment awards

damages to the Cortizos "in the principal amount of **$417,537.12**, plus interest at the legal rate of

11% per year" and provides for execution to issue on the Judgment. In addition, the Judgment

directs that "Defendant SMOLER, LERMAN, BENTE & WHITEBROOK, P.A. shall

immediately release the escrowed deposit funds in the amount of **$189,500.00** plus interest

thereon from the effective date of the contract, March 8, 2006 to present."

The Debtor and its co-defendants then filed a *Motion for Stay Pending Appeal Pursuant*

*to Rule 9.310(a)* (the "Motion for Stay"), seeking to avoid disbursing the Deposit held in

---

[1] A copy of the Complaint is attached to the Motion as **Exhibit D**.
[2] A copy of the Judgment is attached to the Motion as **Exhibit A**.

2

SLBW's trust account, but not seeking to stay execution of the Judgment.[3] In attempting to obtain a stay of the Judgment, the Debtor and its co-defendants, including SLBW, represented to the Circuit Court that the Debtor "borrowed and deposited an additional sum of $30,320.00 into the trust account of [SLBW] representing two (2) years of interest at the legal rate, similar to that of a bond of a money judgment under Rule 9.310(b), Florida Rules of Appellate Procedure." SLBW and the Debtor further represented that "[b]y execution of this Motion below, Smoler, Lerman, Bente & Whitebook, P.A. agrees that it will hold the entire sum of $219,820.00 in its trust account until the exhaustion of all appeals in precisely the same manner as a surety under a surety bond purchased from a surety pursuant to Rule 9.310(b). Plaintiffs are therefore secured for this sum in the same manner as would be the case with a surety bond."

The Circuit Court denied the Motion for Stay (the "Order Denying Stay").[4] The Order Denying Stay provides that "Defendants shall post a bond for the entire amount for the final judgment pursuant to 9.310(b)(1) or the fund shall be disbursed pursuant to the Final Judgment." The Debtor and co-defendants did not post a bond for the entire Judgment, but instead appealed the Order Denying Stay. On April 22, 2009, the Third District Court of Appeal (the "Third DCA") entered the order denying review of the Order Denying Stay (the "Order Denying Review").[5] To date, notwithstanding the rulings in state court, the Debtor and its co-defendants have not posted a proper bond securing the Judgment. Accordingly, execution of the Judgment is not stayed pending appeal, and the Judgment is otherwise subject to immediate execution but for the automatic stay.

---

[3] A copy of the Motion for Stay is attached as **Exhibit E** to the Motion.
[4] A copy of the Circuit Court's Order Denying Stay is attached as **Exhibit F** to the Motion.
[5] A copy of the Third DCA's Order Denying Review is attached as **Exhibit B** to the Motion.

3

Pursuant to the Judgment, the Order Denying Stay, the Order Denying Review, and the Debtor's failure to post a bond for the entire amount of the Judgment, the Cortizos commenced a garnishment action in the state court. The Debtor filed its petition under Chapter 11 of the Bankruptcy Code on May 1, 2009. SLBW has filed an application seeking to be counsel for the Debtor.

On May 15, 2009, the Cortizos filed the Motion seeking to have the stay lifted for cause and directing the return of all of the funds in SLBW's escrow account to them or in the alternative for adequate protection or for dismissal of the case as a bad faith filing.

## JURISDICTION AND VENUE

The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested herein are 11 U.S.C. §§ 362(d)(1) & (2), 361, and 1112(b) of the United States Code (the "Bankruptcy Code").

## CONCLUSIONS OF LAW

The Court holds that cause exists to lift the stay to allow the Cortizos to seek their remedies in state court, including execution on the Judgment. While the term "cause" is not defined in 11 U.S.C. §362(d)(1), courts decide whether cause exists to lift the stay on a case-by-case basis. *In re Murray Industries, Inc.,* 121 B.R. 635, 636 (Bankr. M.D. Fla. 1990) citing *In re McDonald*, 755 F.2d 715, 717 (9th Cir. 1985). In this case, cause exists to lift the automatic stay because the Debtor has been adjudicated to have no right, title, or interest in the Deposit in the escrow account. "'[F]unds that are deposited into an escrow account by a debtor, for the benefit of others, cannot be characterized as property of the estate.'" *Dzikowski v. NASD (In re Scanlon)*, 239 F.3d 1195, 1197-98 (11th Cir. 2001) citing *In re S.E.L. Maduro*, 205 B.R. 987, 990-91

4

(Bankr. S.D. Fla. 1997). Thus, the Deposit in the escrow account is not property of the estate. Notwithstanding this conclusion, the Court does not decide by this order the question of whether the additional $30,320.00 deposited in the escrow account by the Debtor is or is not property of the estate.

The Debtor's arguments at the Hearing focused on the alleged errors that the Circuit Court made in interpreting the PSA and denying the Debtor due process during the State Court Action. As is well-established, however, federal courts cannot act as appellate courts to review the substance of state court decisions. The alleged procedural unfairness that the Debtor has suffered at the hands of the state courts does not vest this Court with the authority to review those orders or stay execution of a duly rendered Final Judgment.

At the Hearing, Debtor's counsel urged the Court to look to the language of the PSA and reinterpret it against the interpretation of the Circuit Court. This Court will not and cannot do so. The *Rooker-Feldman* doctrine prevents federal courts from exercising jurisdiction in cases where the federal court would be acting as an appellate court reviewing a state court decision. *See Wright & Miller*, 18B Fed. Prac. & Proc. Juris. 2d § 4469.1 ("[t]he basic theory [of *Rooker-Feldman*] is that only the United States Supreme Court has been given jurisdiction to review a state-court decision."). The Supreme Court describes the jurisdictional bar represented by the *Rooker-Feldman* doctrine as applicable to an unsuccessful state court litigant filing suit in federal court after the state proceedings ended, complaining of an injury caused by that state-court judgment, and inviting a federal district court to review and reject it. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291-92 (2005). Such is the case here, and this Court cannot conduct an appellate review of the Judgment. Accordingly, the stay will be lifted so that, among

other things, the Debtor can attempt to remedy the wrongs it alleges to have occurred in the State Court Action by means of the proper appellate channels.

While the impact upon the Debtor for breach of contract appears harsh, it is not the function of the Bankruptcy Court to review a decision of a state trial court. Whether the apparent harsh result was an error of the state court or a correct interpretation of a contract that perhaps was signed unwisely by the Debtor is a matter for resolution under the state court appellate system.

For the foregoing reasons, the Court finds that cause exists for the stay to be lifted. Accordingly, it is

**ORDERED and ADJUDGED** that:

1.      The Motion is GRANTED, and the automatic stay is lifted with regard to the Cortizos efforts to pursue execution of their Judgment and their garnishment action, so long as they do not seek to enforce the Judgment or garnishment against the Debtor or property of the Debtor's estate.

2.      The Court retains jurisdiction to enforce the terms of this Order.

# # # #

**Copies furnished to:**

Daniel L. Gold
Counsel for Jose and Silvia Cortizo
Ehrenstein Charbonneau Calderin
Florida Bar Number: 0761281
T: 305-722-2002
F: 305-722-2001
dgold@ecclegal.com

(Attorney Gold is directed to serve conformed copies of this Order on all interested parties and to file a Certificate of Service with the Court.)